IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Case No. CR-17-0048-1-F |
| ) | |
| FRANCISCO ANTONIO SERRANO, ) | |
| ) | |
| Defendant. ) | |

## ORDER

On January 6, 2021, the court entered an order dismissing for lack of jurisdiction the motion of defendant, Francisco Antonio Serrano, seeking compassionate release due to the present pandemic. Doc. no. 184. The court found that defendant had failed to show compliance with either the exhaustion or 30-day requirement of 18 U.S.C. § 3582(c)(1)(A). Subsequently, on February 18, 2021, defendant filed a "Judicial Notice and Motion for Reconsideration on the [18 U.S.C. § 3582(c)(1)(A) motion]." Doc. no. 185. Defendant asked the court to reconsider its ruling on his motion for compassionate release. On February 22, 2021, the court entered an order denying defendant's motion to reconsider as untimely filed. Doc. no. 186.

The court is in receipt of defendant's "Motion for Reconsideration for Compassionate Release Pursuant to 18 U.S.C. Section 3582(c)(1)[A]." Doc. no. 187. Defendant asks the court "to reconsider its prior denial ruling on exhaustion or 30-day requirement," or alternatively, "grant his request for court appointee counsel for a more effective representation." *Id*. at p. 2. Upon review, the court finds no response from plaintiff is required. The court finds the motion should be denied.

As previously ruled, defendant's request for the court to reconsider its January 6, 2021 order dismissing his motion for compassionate release for lack of jurisdiction is untimely. Any motion seeking to reconsider the January 6, 2021 order had to be filed within the time allowed for an appeal of the order under Rule 4(b) of the Federal Rules of Appellate Procedure. *See*, *e.g.*, United States v. Randall, 666 F.3d 1238, 1243 (10th Cir. 2011) (motion to reconsider an order granting or denying a sentence modification under 18 U.S.C. § 3582(c)(2) must be brought within the time granted to appeal that order). Defendant's present motion has been filed more than 14 days from the entry of the court's January 6, 2021 order.

Even if the motion were timely filed, it does not present any circumstance that would justify reconsideration of the court's prior ruling. "A motion to reconsider may be granted when the court has misapprehended the facts, a party's position, or the law." United States v. Christy, 739 F.3d 534, 539 (10th Cir. 2014). "Specific grounds include: '(1) an intervening change in controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice.'" *Id*. (quoting Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000). "A motion to reconsider should not be used to revisit issues already address or advance arguments that could have been raised earlier." *Id*.

Defendant does not base his request for reconsideration of the court's January 6, 2021 order on any intervening change in controlling law, nor does he bring to light any new evidence previously unavailable to him. Defendant seeks to revisit issues already addressed or advance arguments that could have been raised earlier. Further, defendant has not shown the need to correct clear error or prevent manifest injustice. Thus, reconsideration of the court's January 6, 2021 order is not warranted.

Alternatively, defendant requests the court to appoint counsel for him. The court assumes that defendant is seeking counsel to aid him in complying with either the exhaustion or 30-day requirement of 18 U.S.C. § 3582(c)(1)(A) and then filing

another motion for compassionate release on his behalf. The court, however, concludes that defendant's request should be denied.

"There is no constitutional right to counsel beyond the direct appeal of a criminal conviction . . . ." Coronado v. Ward, 517 F.3d 1212, 1218 (10th Cir.), *cert. denied*, 555 U.S. 860 (2008). And no right of counsel extends to a motion for reduction of sentence under § 3582(c). *See*, United States v. Campos, 630 Fed. Appx. 813, 816 (10th Cir. 2015); United States v. Olden, 296 Fed. Appx. 671, 674 (10th Cir. 2008) (unpublished cases cited as persuasive pursuant to 10th Cir. R. 32.1(A)); *see also*, United States v. Drayton, Criminal Case No. 10-20018-01-KHV, 2020 WL 2572402, *1 (D. Kan. May 21, 2020). Although the court has discretion to appoint counsel, *see*, Engberg v. Wyoming, 265 F.3d 1109, 1122 (10th Cir. 2001), the court declines to do so. In the court's view, defendant is capable of complying with either the exhaustion or 30-day requirement of 18 U.S.C. § 3582(c)(1)(A) and then filing another motion for compassionate release. The exhaustion or 30-day requirement of 18 U.S.C. § 3582(c)(1)(A) is not overly complex. And based upon his previous filings, defendant can effectively articulate and argue a motion for compassionate release.

Accordingly, defendant, Francisco Antonio Serrano's "Motion for Reconsideration for Compassionate Release Pursuant to 18 U.S.C. Section 3582(c)(1)[A]," filed March 29, 2021 (doc. no. 187), is **DENIED**.

IT IS SO ORDERED this 31st day of March, 2021.

/s/ SP Friot
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

17-0048p023 (Serrano).docx